UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TILDEN HOLLIDAY                                   CIVIL ACTION

VERSUS                                            NO. 10-2785

COMMONWEALTH BRANDS, INC.                         SECTION "A"(2)

### ORDER ON MOTIONS

APPEARANCES:   None (on the briefs)

MOTIONS:   (1)   Defendant's Motion for Protective Order Relating to 30(b)(6) Deposition, Record Doc. No. 33
           (2)   Plaintiff's Motion to (1) Compel the Completion of the Deposition of Hoke Whitworth at the Expense of the Defendant and for Unrestricted Questioning of Mr. Whitworth Individually and as Rule 30(b)(6) Representative of the Defendant and to (2) Strike the Declaration of Hoke Whitworth, Record Doc. No. 36

O R D E R E D:

 (1) : GRANTED IN PART, DENIED IN PART AND DISMISSED AS MOOT IN PART. The motion is dismissed as moot as to Topic Nos. 1 and 13. The motion papers indicate that the parties have reached a stipulation as to Topic No. 1. In addition, plaintiff's opposition memorandum states that he "withdraws" Topic No. 13. It is therefore unnecessary for defendant to designate any witness as to these two topics.

With the sole exception of Topic No. 9, the motion is granted in part as to the remaining requests in that the following limitations are imposed on all of the remaining topics, except Topic No. 9: (1) references to "sex" or other broad requests for information concerning sex discrimination are stricken (since there is no sex discrimination claim in this case); (2) the time period of all topics is restricted to the years 2003 - 2008, unless a particular topic (e.g. Topic No 2."in March 2008") specifies a shorter time period; (3) the topics are restricted to occurrences in or policies applicable to the same job unit or department as those in which plaintiff worked, see Rubenstein v.

Administrators of the Tulane Educational Fund, 218 F.3d 392, 398-99 (5th Cir. 2000), and all job units or departments under the supervision of Hoke Whitworth.

The motion is denied as to Topic No. 9. All objections are overruled. It remains to be seen, perhaps through this discovery, whether the person who is the subject of this topic was sufficiently similarly situated to make these circumstances admissible in evidence at trial, for purposes either of comparison to plaintiff or relating to defendant's intent, but admissibility at trial is not the discovery standard. For present purposes, I conclude that this topic is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

The motion is also denied insofar as it may seek a specific order prohibiting particular questions allegedly already asked of Whitworth in his prior deposition. Defense counsel's earlier simultaneous presentation of Whitworth for deposition as both a partial Rule 30(b)(6) designee on short notice and for his individual testimony was poorly and confusingly handled. If Whitworth is again to be designated as a Rule 30(b)(6) designee, I will not attempt to specify what questions he may be asked, except to order that plaintiff's counsel must not ask Whitworth the same questions he has already been asked and answered, all in the interest of avoiding "unreasonably cumulative or duplicative" discovery. Fed. R. Civ. P. 26(b)(2)(C)(i).

In all other respects, the motion is denied.

 (2) : DISMISSED AS MOOT IN PART AND DENIED IN PART. The motion is dismissed as moot insofar as it seeks an order permitting plaintiff to take additional deposition testimony from Hoke Whitworth. Judge Zainey has already ruled "that plaintiff shall be allowed to continue with the deposition of Mr. Whitworth in order to be given a fair opportunity to oppose the motion for summary judgment." Record Doc. No. 58.

In all other respects relative to the scope of questioning and the payment of expenses for Whitworth's continued deposition, the motion is denied. Further deposition questioning of Whitworth, whether individually or as Rule 30(b)(6) designee, must occur in compliance with the Federal Rules of Civil Procedure, including but not limited to the limitations the Rules contain concerning the making of objections and instructions not to answer. Fed. R. Civ. P. 30(c), (d) and (e). I will not strike Whitworth's declaration submitted in connection with defendant's summary judgment motion. Whether that declaration is properly considered in connection with the summary judgment motion is solely a matter for determination by the district judge before whom the summary judgment motion is pending. All requests for any other sanction, including any award of costs or attorney's fees, either incurred in connection with this motion or previously incurred for Whitworth's prior deposition, are denied. I find that the mess made of

Whitworth's prior deposition was the result of the shared fault of all counsel. Under these circumstances, counsel and/or the parties to this lawsuit (and <u>not</u> Whitworth) must bear their own expenses.

*   *   *

**IT IS FURTHER ORDERED** that counsel must confer either in person or by telephone and with input from the witness, immediately upon receipt of this order, to plan, schedule and coordinate the appearance of Whitworth for further deposition examination, both individually and as defendant's Rule 30(b)(6) designee (if he is to be so designated) to permit the completion of <u>all</u> of Whitworth's deposition testimony, regardless of its characterization, in a single session and at a single place and time that is convenient for Whitworth. Defendant must determine if it will designate Whitworth as one of its representatives for Rule 30(b)(6) deposition and, if so, must inform plaintiff's counsel, in writing, no later than one full week prior to the deposition what topics in the Rule 30(b)(6) notice he will testify about.

New Orleans, Louisiana, this   25th   day of May, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE