UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TILDEN HOLLIDAY                                    CIVIL ACTION

VERSUS                                            NO. 10-2785

COMMONWEALTH BRANDS, INC.                          SECTION "A"(2)


**ORDER ON MOTIONS**

APPEARANCES:  None (on the briefs)

MOTIONS:        (1)   Plaintiff's Motion for Leave of Court to Take More Than 10
                      Depositions, Record Doc. No. 63
                (2)   Defendant's Motion to Quash and for Protective Order
                      Relating to Plaintiff's May 23, 2011 Deposition Notices,
                      Record Doc. No. 64

O R D E R E D:

 (1) : GRANTED IN PART AND DENIED IN PART, but only subject to the condition
contained in this order. "A party must obtain leave of court, and the court <u>must</u> grant
leave <u>to the extent consistent with Rule 26(b)(2)</u>: (A) if the parties have not stipulated to
the deposition <u>and</u>: the deposition would result in more than 10 depositions being taken
under . . . by the plaintiffs, or by the defendants, . . ." Fed. R. Civ. P. 30(a)(2)(emphasis
added).  The Rule 26(b)(2) factors with which the taking of excess depositions must be
consistent are whether (i) the discovery is unreasonably cumulative or duplicative or can
be obtained from some more convenient, less burdensome or less expensive source; (ii)
ample opportunity to obtain the information by discovery has already been available and
(iii) whether the burden or expense of the discovery outweighs its likely benefit,
considering the amount in controversy, the parties' resources and the importance of the
issues and the discovery in resolving the issues.
        Evaluating these considerations in this case, I find that four of the requested
additional seven depositions may be taken, but only if Judge Zainey extends the

discovery deadline for purposes of taking those four depositions in the new Rule 16 order he will enter after the upcoming June 23, 2011 scheduling conference.

Specifically, the motion is denied as to proposed deponents Mike Lee, George Bucas and Gary Ebert. Plaintiff's motion papers do not persuasively explain why the testimony of these witnesses is relevant or how the Rule 26(b) factors affect this request as to these three (3) depositions. None of these three (3) are listed as potential trial witnesses by defendant, Record Doc. No. 17. None of them are under defendant's control, since they all appear to be ex-employees. Record Doc. No. 51-1 at p. 2 of 36; Record Doc. No. 63-12 at p. 2 of 3. Plaintiff concedes that he has had some sort of desire to take their depositions for almost two years, Record Doc. No. 51-1 at p. 2 of 36; Record Doc. No. 63-12 at p. 2 of 3, but provides no indication that he ever attempted to locate or subpoena them, despite having had ample time to do so.

On the other hand, the motion is conditionally granted as to proposed deponents Russ Mancuso, Mina Hernandez, Brian Gogarty and Bonita McIntyre Poore. All of these witnesses are listed on defendant's witness list as potential trial witnesses, including Mancuso as a will call witness. In addition, Mancuso has submitted an extensive sworn declaration in support of defendant's pending summary judgment motion. Record Doc. No. 30-9 at pp. 6-10. The content of Mancuso's declaration indicates that Poore may have substantial relevant knowledge. Considering the mandatory ["must"] language of Rule 30(a) in combination with the Rule 26(b)(2) factors as to these four (4) witnesses, I find that leave should be granted to exceed the 10-deposition limit – which plaintiff has in fact previously reached – to permit their depositions. Although one Rule 26(b)(2) factor (i.e., that plaintiff has had ample opportunity to depose them) weighs against permitting them, the remaining factors weigh in favor of doing so. Their potential knowledge of relevant information appears significant, and I cannot conclude that their depositions would be unreasonably cumulative or duplicative or that their expense would outweigh their benefit to resolving the issues in the case. I further find, however, that these four additional depositions should proceed only under the following condition:

I cannot determine if Judge Zainey's intent in issuing his recent continuance order, Record Doc. No. 58, was to permit additional discovery beyond the previously imposed deadline, other than the continued deposition of Hoke Whitworth that was specifically referenced in his order. In their current motion papers submitted to me, counsel disagree on the intent of the order and the oral indications given by Judge Zainey to them during their recent conference. Accordingly, **IT IS ORDERED** that plaintiff may take the depositions of Russ Mancuso, Mina Hernandez, Brian Gogarty and Bonita McIntyre Poore, at a place, time and date that are mutually convenient for counsel and the witnesses, BUT ONLY IF THE NEW SCHEDULING ORDER TO BE ENTERED BY JUDGE ZAINEY AFTER HIS JUNE 23, 2011 CONFERENCE SPECIFICALLY

PERMITS IT, or if the parties reach a written stipulation agreeing to these four (4) depositions. Fed. R. Civ. P. 29. Counsel are directed to confer with each other concerning these depositions and to raise this topic with Judge Zainey during his upcoming conference.

 (2) : GRANTED. The May 23, 2011 deposition notices provided wholly unreasonable notice in violation of Fed. R. Civ. P. 30(b)(1) and were submitted without leave of court in violation of Fed. R. Civ. P. 30(a)(2)(A)(i). They necessitated the expense of motion practice, Fed. R. Civ. P. 32(a)(5)(A), that plaintiff should have avoided by first seeking leave to take these depositions or by providing reasonable notice. Accordingly, defendant's request for an award of attorney's fees and expenses is granted. Fed. R. Civ. P. 26(c)(3). Plaintiff and/or his counsel must pay defendant $600.00 to compensate defendant for reasonable fees and expenses incurred in connection with this motion.

New Orleans, Louisiana, this _____8th_____ day of June, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. JAY C. ZAINEY**

3