MINUTE ENTRY
WILKINSON, M. J.
AUGUST 3, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TILDEN HOLLIDAY                                             CIVIL ACTION

VERSUS                                                      NO. 10-2785

COMMONWEALTH BRANDS, INC.                                   SECTION "A"(2)

### HEARING AND ORDER ON MOTION

APPEARANCES:    Richard Traina and Caleb Didriksen, representing plaintiff; Jennifer Englander and Tracy Kern, representing defendant

MOTION:         Plaintiff's Motion for Leave of Court to Depose a Crucial Defense Witness a Second Time Because of Defendant's Improper Withholding of Documents Until After the Witness's Deposition, Record Doc. No. 86

O R D E R E D:

 XXX : DENIED. In this motion, plaintiff seeks to take the deposition of non-party witness Lauren Trauth for a second time to examine her concerning ten (10) pages of documents produced by defendant to plaintiff after Trauth's first deposition. Two interactive legal standards apply to this motion.

First, where – as here – the court has set a deadline in a Rule 16 scheduling order for the completion of discovery, the deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). In determining "good cause" in connection with a Rule 16 scheduling order of the type that was entered in this case, the court must weigh the following factors: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order,

MJSTAR:  0 : 15

(3) potential prejudice in allowing the requested action and (4) the availability of a continuance to cure such prejudice. Nunez v. United States Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline); Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883-84 (5th Cir. 2004) (court did not abuse discretion in barring testimony of late-designated expert witness); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998) (district court did not abuse discretion in denying leave to designate expert and file expert report after deadline).

Second, concerning depositions, Fed. R. Civ. P. 30(a)(2)(B) provides that "(a) party must obtain leave of court, . . . if . . . the person to be examined already has been deposed in the case." Leave of court to permit the second deposition of a witness "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Those principles include avoidance of unreasonably cumulative or duplicative discovery, Fed. R. Civ. P. 26(b)(2)(C)(i); prohibition of discovery when the party seeking discovery "has had ample opportunity to obtain the information by discovery in the action," Fed. R. Civ. P. 26(b)(2)(C)(ii); and restricting discovery when "the burden or expense of the proposed discovery outweighs its likely benefit," considering a variety of cost-benefit factors. Fed. R. Civ. P. 26(b)(2)(iii).

Applying the foregoing standards in this case, I find that plaintiff has failed to establish "good cause" to depose Trauth a second time beyond the court's deadline. The court initially set a May 24, 2011 deadline for the completion of all discovery, including depositions. Record Doc. No. 9. At a conference conducted on June 23, 2011, three (3) weeks after defendant produced the ten (10) pages of documents he claims justify a second deposition of Trauth, the presiding district judge continued the trial date and extended the discovery deadline, but only for the limited purpose of permitting plaintiff to take certain depositions specifically identified in his order. Record Doc. No. 85. That order did not include a re-deposition of Trauth, even though the ten (10) pages had been produced to plaintiff three (3) weeks before that conference. I find that these ten (10) pages of documents were neither subject to the disclosure requirement of Fed. R. Civ. P. 26(a)(1) nor responsive to any of the discovery requests identified by plaintiff in his motion papers that were issued by plaintiff before Trauth's deposition. Instead, the materials were responsive only to a discovery request issued by plaintiff to defendant after he deposed Trauth the first time. Under these circumstances, I find plaintiff's explanation for his request to depose Trauth again after the court's deadline unpersuasive. Re-deposing Trauth is also unimportant because she was thoroughly deposed the first time around, including on all topics addressed in the ten (10) pages of documents produced on June 1, 2011, if not on the documents themselves. While the potential prejudice to defendant in permitting another deposition of Trauth is slight, the

prejudice to a non-party like Trauth in being required to appear again for another deposition is considerable. Yet another trial continuance would neither cure this prejudice nor serve the interests of resolution of this case.

Even if good cause to permit this untimely re-deposition could be established, I also find that weighing the factors concerning the re-deposition of witnesses under Rules 30(a) and 26(b)(2) militates against permitting Trauth's second deposition by plaintiff. The subject matter of the ten (10) pages of documents produced on June 1st was known to plaintiff through other information and discovery already obtained. Permitting Trauth to be deposed again would be unreasonably cumulative or duplicative and plaintiff has already had ample opportunity to obtain the information sought. This is a garden variety employment case in which substantial discovery, motion practice and other pretrial activity has already occurred. In my judgment, this case has already been overly litigated. Under these circumstances, I cannot conclude that the likely benefit of another deposition of Trauth outweighs its expense or burden, particularly on Trauth, considering the specific factors in Rule 26(b)(2)(C)(iii).

Both sides have requested awards of attorney's fees and costs associated with this motion. As the loser of this motion, plaintiff is clearly <u>not</u> entitled to any such award. In this instance, however, even defendant, the winner, is <u>not</u> entitled to sanctions. By its plain terms, Fed. R. Civ. P. 37(a) does <u>not</u> authorize imposition of a sanctions award to the opponent of an unsuccessful Rule 30(a)(2) motion. Instead, it contemplates such awards only for specified discovery failures, <u>not</u> including refusal to agree to or denial of a Rule 30(a)(2) leave request. Beyond the lack of authority for such an award in the Rules, I decline to exercise the court's inherent authority to sanction plaintiff in connection with this motion. Although it was unsuccessful, I do <u>not</u> find that the motion was legally or factually frivolous or that it otherwise sinks to a sanctionable level. In connection with this motion, both sides must bear their own fees and costs.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE