UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TILDEN HOLLIDAY                                CIVIL ACTION

VERSUS                                         NO: 10-2785

COMMONWEALTH BRANDS, INC.                      SECTION: "A" (2)

ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 98)** filed by Defendant Commonwealth Brands, Inc. ("Commonwealth"). Plaintiff Tilden Holliday opposes the motion. The motion, set for hearing on December 7, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

I. BACKGROUND

This is an age discrimination case arising out of the alleged improper firing of Plaintiff Holliday by his former employer, Defendant Commonwealth. Defendant sells and distributes tobacco products nationwide. Defendant hired Plaintiff on September 18, 2001, and terminated his employment on April 28, 2008. Plaintiff was 48 years of age at the time of his hiring, and 55 years of age at the time of his discharge. Defendant's stated reason for terminating Plaintiff was Plaintiff's "sustained unsatisfactory work performance." Plaintiff asserts that he did not have any poor performance issues, and that in fact, Defendant improperly fired him because of his age in order to replace him with a younger employee.

II. STANDARD OF LAW

Summary judgment is appropriate only if "the pleadings, depositions, answers to

1

interrogatories, and admissions on file, together with the affidavits, if any, 'when viewed in the light most favorable to the non-movant,' show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party.  Id.  (citing Anderson, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusory statements, speculation and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.  Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).  "Summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'"  Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (citing Armstrong v. City of Dallas, 997 F.2d 62 (5th Cir. 1993)).

### III.   DISCUSSION

#### A.   *State Law Claims*

In addition to federal claims under the ADEA, Plaintiff's complaint includes state law

claims for 1) age discrimination under Louisiana's Employment Discrimination Law, La. Rev. Stat. § 23:312, *et seq.* (the "LEDL") and 2) intentional infliction of emotional distress in violation of La. Civ. Code art. 2315. The Court finds that these claims are prescribed and must be dismissed.

Pursuant to Louisiana law, a claim of discrimination is a delictual action "subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. Civ.Code Ann. art. 3492; Eastin v. Entergy Corp ., 865 So.2d 49, 53 (La. 2004). However, "this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission.... No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than **six months**." La.Rev.Stat. § 23:303(D) (emphasis added).

The LEDL requires a plaintiff to file suit on his claim of age-based discrimination no later than 18 months after the occurrence forming the basis of the claim. Plaintiff claims that he was unlawfully terminated on April 28, 2008; therefore his suit must have been filed no later than October 28, 2009 in order to be timely under the LEDL. However, Plaintiff did not file this lawsuit until August 19, 2010, more than two years after his discharge. Therefore, Plaintiff's claims under the LEDL are time-barred and must be dismissed.

Plaintiff's intentional infliction of emotional distress claim is also prescribed. The prescriptive period for filing a claim for intentional infliction of emotional distress is one year. La. Civ. Code art. 2315. Unlike in LEDL cases, the statute of limitations for intentional

infliction claims is not tolled by the filing of an EEOC charge. See Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261 (5th Cir. 2001)(citing Roth v. N.J. Malin & Assocs., 1998 WL 898367 at *2 (E.D.La.1998) (holding that the prescriptive period of § 23:333(C), now codified at § 23:303(D), applies only to causes of action arising under Chapter 3-A of Title 23, which does not include intentional infliction of emotional distress, or retaliatory discharge)). For the reasons stated above, Plaintiff's state law claims are prescribed and must accordingly be dismissed.

### B. ADEA Claim

The Age Discrimination in Employment Act, ("ADEA") 29 U.S.C. §§ 621-634 provides that "[i]t shall be unlawful for an employer ... to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Supreme Court has held that to establish discrimination under the ADEA a plaintiff must prove that age was the "but for" cause of her employer's adverse employment decision. Gross v. FBL Fin. Serv., Inc., 557 U.S. 167, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009).

The Court further held that a "mixed-motive" jury instruction is never appropriate in an age discrimination case under the ADEA. Id. at 2350. A "mixed-motive" jury instruction permits a jury to find for the plaintiff if they believe that discriminatory bias was one factor among other, legitimate factors that motivated the adverse employment decision. Machinchick v. PB Power, Inc., 398 F.3d 345, 351 (5th Cir. 2005). Since the Gross decision, a plaintiff can recover under the ADEA only if her employer has no legitimate reason for the challenged

4

employment decision or if the plaintiff can show that the employer's given reason is a mere pretext. Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378 (5th Cir. 2010).

### 1. Plaintiff Presents Circumstantial Evidence of Age Discrimination

To prove age discrimination, a plaintiff can rely on direct or circumstantial evidence. See, e.g., Machinchick, 398 F.3d at 350 ("We have traditionally bifurcated ADEA cases into distinct groups: those in which the plaintiff relies upon direct evidence to establish his case of age discrimination, and those in which the plaintiff relies upon purely circumstantial evidence."). Remarks may serve as sufficient evidence of discrimination only if they are 1) age related, 2) proximate in time to the employment decision, 3) made by an individual with authority over the employment decision at issue, and 4) related to the employment decision. Moss v. BMC Software, Inc., 610 F.3d 917, 929 (5th Cir. 2010)(quoting Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 683 (5th Cir. 2001)). For a remark to be probative of discriminatory intent, it must be "direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the [employment action.]" Read v. BT Alex Brown Inc., 72 Fed. Appx. 112, 119 (5th Cir. 2003) (quoting EEOC v. Tex. Instruments Inc., 100 F.3d 1173, 1181 (5th Cir. 1996)). Statements that merely suggest discriminatory motive are not direct evidence of discrimination. See Haas v. ADVO Sys., Inc., 168 F.3d 732, 733-34 (5th Cir. 1999).

Direct evidence of discrimination is rare. See, e.g., Rutherford v. Harris Cnty., Tex., 197 F.3d 173, 180 n. 4 (5th Cir. 1999) (sex discrimination case) (stating that because direct evidence is rare in discrimination cases, plaintiff must ordinarily use circumstantial evidence to satisfy her

burden of persuasion). If Plaintiff lacks direct evidence of discrimination, he can prove discrimination using the burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Plaintiff attempts to avoid the McDonnell Douglas burden-shifting framework by asserting what he claims to be direct evidence. Plaintiff asserts that his immediate supervisor, Loren Trauth, made inappropriate age-related comments to and about him. The alleged comments by Ms. Trauth include statements such as: "Maybe you need to retire;" "It seems like [Mr. Holliday] is getting too old to grasp things. It seems like he's getting Alzheimer's;" "You're too old for this job;" and "You're getting too old for this." Plaintiff has presented two witnesses, one of whom is a current Commonwealth employee, who testified that they heard Ms. Trauth say that Plaintiff was an "old man" and that he was "too old for the job." Ms. Trauth denies making these statements.

Even assuming that Ms. Trauth made the alleged statements regarding Plaintiff's age and retirement, they do not constitute direct evidence of age discrimination. Though the comments allegedly made by Ms. Trauth were age-related, they do not satisfy the other three prongs of the test stated above. First, the comments were not proximate in time to Plaintiff's firing; they were allegedly made months, and in some cases years, prior to Mr. Holliday's discharge in 2008. They also do not relate to Plaintiff's termination, and were not made in connection with the decision to fire him. Most importantly, the comments cannot serve as direct evidence of age discrimination because the speaker, Ms. Trauth, was not involved in the decision to discharge Plaintiff.

For comments to be probative of discrimination, they must be made by an individual with some authority over the termination in question.  See Palasota v. Haggar Clothing Co., 342 F.3d 569, 575 (5th Cir. 2003).  The three Commonwealth employees responsible for Plaintiff's discharge, Hoke Whitworth, Russ Mancuso, and Bonita McIntyre Poore, testified that Ms. Trauth had no input or involvement in their decision.  Mr. Whitworth is employed as a Sales Director, Mr. Mancuso is Vice President of Sales, and Ms. Poore is the Manager of Human Resources for Commonwealth.  All three stated under oath that they were unaware of any age-related remarks allegedly made by Ms. Trauth at the time of their decision to fire Plaintiff.  They further testified that they were unaware of Plaintiff's age at the time of his termination.  In addition, Ms. Trauth testified that she did not have the authority to discharge an employee without the approval of these three superiors, and that she was not consulted regarding their decision to terminate Plaintiff.  Plaintiff does not offer any evidence to contradict these statements.

Given the above, the Court finds that the evidence offered by Plaintiff is circumstantial evidence and that the McDonnell Douglas framework applies.  Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.  Jackson, 602 F.3d at 378 (citations omitted).

    2.    **Application of the McDonnell Douglas Framework**

        **a.  Plaintiff must present a *Prima Facie* case**

Under the McDonnell Douglas framework, Plaintiff must first present a prima facie case

7

of age discrimination. "To establish a prima facie case, a plaintiff need only make a very minimal showing." Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 41 (quoting Thornbrough v. Columbus & Greenville R.R. Co., 760 F.2d 633, 639 (5th Cir. 1985)) (internal quotation marks omitted). A prima facie case merely raises the inference of discrimination, because the court presumes that the employer's acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. See Int'l Bd. of Teamsters v. United States, 431 U.S. 324, 358 & n. 44, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978).

To establish a prima facie case of age discrimination based on circumstantial evidence, a plaintiff must show that "(1) [he] was discharged; (2)[he] was qualified for the position; (3)[he] was within the protected class at the time of discharge; and (4)[he] was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [his] age." Jackson, 602 F.3d at 378 (quoting Berquist v. Washington Mut. Bank, 500 F.3d 344, 349 (5th Cir. 2007)) (internal quotation marks omitted).

Once a plaintiff establishes his prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its decision. McDonnell Douglass, 411 U.S. at 802; Berquist, 500 F.3d at 349. If the defendant meets this burden, the presumption of discrimination dissipates. Machinchick, 398 F.3d at 350. The burden then shifts back to the plaintiff to rebut the employer's explanation by proving by a preponderance of the evidence that the reasons provided were not the employer's true reasons, but were a pretext for discrimination. Jackson, 602 F.3d at 378.

Defendant asserts that Plaintiff has not established a prima facie case of discrimination because he was not "**at all times** qualified for the position of District Manager." Defendant supports this assertion by citing Plaintiff's work record, which reveals that Defendant took disciplinary action against Plaintiff in 2005, 2006, and again in January 2008 before his termination in April 2008. The Court finds that, in the present case, it is not necessary to determine whether Plaintiff has established a prima facie case for the following reasons.

### b.   Defendant has legitimate reasons for terminating Plaintiff

Even assuming *arguendo* that Plaintiff has established a prima facie case of age discrimination, Plaintiff's claim nevertheless fails because Defendant has offered a plausible, legitimate, non-discriminatory reason for its decision to terminate him, i.e., that Plaintiff's work performance was inadequate. Defendant cites multiple occasions on which Plaintiff was disciplined for sub-par performance at work: In 2003, Plaintiff was disciplined for poor performance; specifically, an incident in which he made misleading statements to his supervisor, Ms. Trauth. That same year, Plaintiff was demoted based on "very slow" progress on his customer account base. Plaintiff was promoted in 2004, but disciplined again in 2005 for excessive, inappropriate communications with his subordinates during business hours, at night, and on the weekends.

In 2006, Plaintiff was placed on probation and counseled that he must, *inter alia*, ensure that his subordinates maintained their daily call averages, follow his supervisors' instructions, and conduct himself with integrity by being truthful and honest with his subordinates and supervisors. It is notable that although Plaintiff objected to his probation at the time and

submitted a memorandum to Mr. Whitworth contradicting assertions made in the probation letter, he did not make any complaint of age discrimination or relay any age-related comments allegedly made by Ms. Trauth in that memorandum.

In 2007, Sheryl "Mina" Hernandez, another employee of Defendant, complained to Mr. Whitworth that Plaintiff behaved unprofessionally towards her, had discussed her personal life with other employees, and had suggested to co-workers that she and Ms. Trauth, Plaintiff's supervisor, were involved in an illicit sexual relationship. Although Ms. Hernandez's accusations were ultimately uncorroborated, according to Defendant the resulting investigation by Mr. Whitworth revealed that Plaintiff had poor communication with both his supervisor and subordinates and had inappropriately discussed confidential personnel matters with his subordinates. As a result of this investigation, in January 2008 Plaintiff was again warned via letter that a failure to improve in the areas specifically enumerated in said letter would result in "further disciplinary action up to and including termination." Plaintiff was ultimately fired in April 2008.

The Court finds that Defendant has met its burden in presenting a legitimate, non-discriminatory reason for Plaintiff's termination. Therefore, the burden shifts back to Plaintiff, who must establish evidence tending to prove that this reason was pretext for discrimination, and that age was the "but for" cause of his discharge from employment.

          **c.**    **Plaintiff cannot establish that Defendant's stated reason is pretextual**

Plaintiff attempts to establish pretext by demonstrating that numerous subordinates

considered him to be a good manager and that his supervisor had animosity towards him. However, Plaintiff does not successfully dispute that the three people who actually made the decision to fire him perceived his work performance to be inadequate.

Plaintiff further claims that his termination was "merely a pretextual scheme orchestrated and brought to fruition by [his supervisor] Trauth." He asserts that "at the heart of Commonwealth's improper firing of Mr. Holliday because of his age was the animus that Ms. Trauth felt toward Mr. Holliday." Plaintiff alleges that Ms. Trauth sought a romantic relationship with another employee, Ms. Hernandez, and hoped that by firing Plaintiff, she could promote that employee and thus make Ms. Hernandez "obligated to Trauth and Trauth's romantic overtures." According to Plaintiff, his firing is in part retaliatory; he claims that Ms. Trauth became hostile to him after he refused to falsify records that would excuse Ms. Hernandez's unauthorized absence from work.

The Court finds no evidence in the record to support these allegations by Plaintiff. They epitomize the type of "conclusory statements, speculation and unsubstantiated assertions" that the court has routinely found insufficient to defeat a motion for summary judgment. See Ragas, 136 F.3d at 458. Furthermore, the claim that Plaintiff's firing was partially retaliatory and based on animus on Ms. Trauth's part undermines Plaintiff's argument by suggesting that Plaintiff's age was not the sole reason for his firing. As stated *infra*, the Supreme Court has held that the ADEA does not allow for mixed-motive claims of discrimination; in order for a Plaintiff to succeed on an ADEA claim, he or she must demonstrate that age was a "but for" cause of the firing. Gross, 129 S. Ct. at 2351. Plaintiff's allegations regarding Ms. Trauth and her personal

motive to retaliate against him suggest that age is not the determinative factor in his termination, but is instead merely one motivating factor in the decision to fire him. Ultimately, Plaintiff has no evidence that "but for" his age, he would not have been terminated.

In the present case, the plaintiff creates "only a weak issue of fact as to whether the employer's reason was untrue and there [may be] abundant and uncontroverted independent evidence that no discrimination had occurred." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148, 120 S.Ct. 2097 (2000). Thus it is "possible for a plaintiff's evidence to permit a tenuous inference of pretext and yet be insufficient to support a reasonable inference of discrimination." West v. Nabors Drilling USA, Inc., 330 F.3d 379, 385 (5th Cir. 2003)(quoting Crawford v. Formosa Plastics Corp., La., 234 F.3d 899, 903 (5th Cir.2000)); see also Rosenblatt v. 7-Eleven, Inc., 2007 WL 2187252 at *12 (N.D. Tex. 2007)(granting summary judgment where, even assuming fact issue on question of pretext existed, fact issue was "weak," and there was no evidence that employee's age was ever considered in employer's decision to terminate his employment). Plaintiff has at most created only a weak fact issue regarding whether Defendant's proffered reason for his termination ("sustained unsatisfactory job performance) was its true reason for terminating Plaintiff's employment, and there is abundant, uncontroverted evidence that age was not a factor in Defendant's decision to terminate his employment.

## IV. CONCLUSION

Because a reasonable jury could not find that Plaintiff's age was the but-for cause of his termination, Defendant is entitled to summary judgment dismissing Plaintiff's ADEA claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 98)** filed by defendant Commonwealth is GRANTED. Plaintiff's complaint is dismissed.

**IT IS FURTHER ORDERED** that the pending **Motion to Bifurcate Trial on Issues of Liability and Damages (Rec. Doc. 95)** and **Motion in Limine to Exclude Plaintiff's Expert Witnesses (Rec. Doc. 96)** filed by Defendant Commonwealth are **DISMISSED** as moot.

This 10th of January, 2012.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE